# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 6, 2024

```
* * * * * * * * * * * * * * * * * * * * * * * * *
AMY TURNER,                         *
                                    *    No. 20-4V
              Petitioner,           *    Special Master Sanders
                                    *
       v.                           *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Mark T. Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
<u>Kimberly S. Davey</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On January 3, 2020, Amy Turner ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from vaccine-induced amenorrhea and ovarian failure as a result of a human papillomavirus ("HPV") vaccination received on January 5, 2017. Pet. at 1, ECF No. 1.

Respondent filed his Rule 4(c) report on February 10, 2022, recommending against compensation. ECF No. 35 at 1. Between August 8, 2022 and March 6, 2023, Petitioner filed three expert reports and Respondent filed two expert reports. ECF Nos. 38, 40, 44, 45, 48. On June 23, 2023, Petitioner filed a status report requesting a Rule 5 Conference. ECF No. 51. I held a status conference on September 13, 2023 where I discussed the current filings and facts of the case,

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

including "issues related to Petitioner's potential Hashimoto's thyroiditis diagnosis and alternate causation." ECF No. 52 at 1. I ordered Petitioner to file a "supplemental expert report addressing the applicability of the causation theory to the facts of this case, including any additional report from a reproductive endocrinologist" by no later than November 13, 2023. *Id.* Petitioner requested two motions for extensions of time to file this report, which I granted. ECF No. 53-54. On February 16, 2024, Petitioner moved for an extension of time to file either "a motion to dismiss or a status report on how she wishes to proceed." ECF No. 55 at 1.

On February 27, 2024, Petitioner moved for a decision dismissing the petition. Pet'r's Mot. to Dismiss, ECF No. 56. In the motion, Petitioner stated that she "understands that a decision by the Special Master dismissing this petition will result in a judgment against [P]etitioner." *Id.* at 1. Petitioner further indicated that she "intends to elect to reject the Vaccine Program judgment and elect to file a civil action." *Id.* at 2. Petitioner filed this motion with opposition from Respondent. *Id.* at 2. Respondent also expressly reserved his right "pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of Petitioner's claim and to oppose, if appropriate, Petitioner's application for costs." *Id.* at 1-2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). Petitioner did not assert a Table claim in her petition. Further, the record does not contain persuasive evidence that Petitioner's injuries were caused-in-fact by her HPV vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical record is insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed sufficient supporting evidence. Therefore, this case must be **dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                s/Herbrina D. Sanders
                Herbrina D. Sanders
                Special Master